**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:15-CV-62104-KMM

ATMOS NATION LLC,
A Nevada Limited Liability Company

   Plaintiff,

v.

ALIBABA GROUP HOLDING LTD.
*et al.*,

   Defendants.

               /

ORDER GRANTING MOTION TO DISMISS

   THIS CAUSE came before the Court upon the Alibaba Defendants'[1] Motion to Dismiss

the Second Amended Complaint Pursuant to Rules 12(B)(4) and 12(B)(2) (the "Motion") (ECF

No. 88).  Plaintiff Atmos Nation LLC ("Plaintiff" or "Atmos") filed a Response (ECF No. 97),

and the Alibaba Defendants filed a Reply (ECF No. 102).  The matter is now ripe for review.

For the reasons set forth herein, the Motion is GRANTED.

I.   PROCEDURAL BACKGROUND[2]

   On October 6, 2015, Plaintiff filed the initial Complaint (ECF No. 1).  Shortly thereafter,

Plaintiff filed a First Amended Complaint (ECF No. 5) and a Second Amended Complaint (the

"SAC") (ECF No. 21).  After the filing of the Second Amended Complaint in October of 2015,

---

[1] Defendants Alibaba Group Holding Ltd., Alibaba.com Hong Kong Ltd., Alibaba.com Ltd., Alibaba.com Investment Holding Ltd., Alibaba.com Investment Ltd., Alibaba (China) Technology Co., Ltd., Taobao Holding Ltd., Taobao China Holding Ltd., and Taobao (China) Software Co., Ltd. shall herein be referred to as the "Alibaba Defendants."

[2] The Court set forth the factual background previously in its Order Granting Motion to Dismiss dated March 15, 2016.

Plaintiff served only one Alibaba entity, the United States based Alibaba.com, Inc. On December 11, 2015, Alibaba.com, Inc. moved to dismiss for lack of personal jurisdiction and the Court granted the Motion. *See* Order Granting Motion to Dismiss dated March 15, 2016 ("March 15, 2016 Order") (ECF No. 59). In the March 15, 2016 Order, the Court found that Alibaba.com, Inc. neither operates nor controls any of the Alibaba Platforms, nor has any presence in Florida and granted the motion to dismiss on the basis of a lack of personal jurisdiction. On July 11, 2016, the Court entered default judgment against defendants Shenzhen Forevertop Technology Limited, Shenzhen Yibok Technology Co. Ltd., Shenzhen Hengyuan Technology Co., Ltd., Shenzhen Allsmoke Technology Co. Ltd., Shenzhen Aricon Biotech Co. Ltd., Shenzhen Cigwe Technology Co. Ltd., Shenzhen Cigabuy Co. Limited, Shenzhen Elikang Technology Co. Ltd., Shenzhen Joyelife Technology Co. Ltd., Shenzhen Itoy Technology Limited, Shenzhen Kingconti Technology Co., Ltd., Shenzhen Meiya Printing Co., Ltd (collectively "Merchant Defendants"). *See* Order Granting in Part Motion for Default Judgment Against the Merchant Defendants (ECF No. 67).

The only remaining defendants, the Alibaba Defendants, can be further divided into two categories: those that operate Alibaba websites and those that do not. Plaintiff alleges that Alibaba.com Hong Kong Limited and Taobao China Holding Ltd. (the "Operating Entities") operate Alibaba websites. *See* SAC ¶¶ 16, 25. Alibaba Group Holding Ltd., Alibaba.com Ltd., Alibaba.com Investment Holding Ltd., Alibaba.com Investment Ltd., Alibaba (China) Technology Co., Ltd., Taobao Holding Ltd., and Taobao (China) Software Co., Ltd. (the "Non-Operating Entities") are Alibaba Defendants who are not alleged to operate websites. *See id.*

The Alibaba Defendants now seek dismissal for insufficient process, or in the alternative, lack of personal jurisdiction, pursuant to Rules 12(B)(4) and 12(B)(2) of the Federal Rules of Civil Procedure.

II.     DISCUSSION

A.  Service of Process

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for commencing an action and service of process.  Fed. R. Civ. P. 4.  Rule 4(a) requires that the summons, properly signed and sealed, be issued by a clerk for each defendant to be served.  *Id.* 4(a).  Rule 4(c)(1) states, that in general, "[a] summons must be served with a copy of the complaint."  A defendant may waive service pursuant to Rule 4(d), however, that did not occur here.  At the time Plaintiff filed the Second Amended Complaint, Rule 4(m) provided that a defendant must be served within 120 days of filing of the complaint, absent good cause.[3]

Rule 4(m)'s time limit for service provides an exception for service in a foreign country. The Court of Appeals for the Eleventh Circuit has not held "whether or what time constraints apply to service on foreign defendants" but stated "[s]pecific time limits aside, '[m]ost courts faced with a challenge to the timeliness of foreign service have applied a 'flexible due diligence' standard to determine whether the delay should be excused."  *Harris v. Orange S.A.*, 636 Fed. App'x 476, 485 (11th Cir. 2015) (quoting *Lozano v. Bosdet*, 693 F.3d 485, 488–9 (5th Cir. 2012)).  Without establishing a definitive rule, in *Harris* the Eleventh Circuit held that a "complaint may be dismissed upon a showing that [plaintiff] failed to exercise diligence in attempting to effectuate service."  *Id.* at 486 (affirming the district court's dismissal of plaintiff's claims against foreign defendants for failure to exercise diligence in attempting service for a

---

[3]  On December 1, 2015, Federal Rule 4(m) was updated to require service upon a defendant within ninety (90) days of the issuance of the complaint.

period of 268 days).  Other Courts of Appeal have varied in their stances.  *See Lucas v. Natoli*, 936 F.2d 432, 432–33 (9th Cir. 1991) (holding that the requirement that complaint be served within 120 days after filing did not apply to foreign service); *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) ("[b]ecause district courts need to be able to control their dockets . . . time allowed for foreign service is not unlimited"); and *Mentor Ins. Co. (U.K.) Ltd. v. Brannkasse*, 996 F. 2d 506, 512 (2d Cir. 1993) (attempt to serve must be made within 120 days).

Here, Plaintiff filed the Second Amended Complaint in October of 2015 and was afforded numerous opportunities to effectuate service.  On June 1, 2015—more than seven months after the filing of the Second Amended Complaint—Plaintiff sought leave of Court for service by alternative means.  *See* Plaintiff's Motion for Service by Publication (ECF No. 66). The Court granted the motion[4] and Plaintiff still failed to serve Defendants.  On September 20, 2016, the Court ordered Plaintiff to show cause as to why a notice of service had not yet been filed.  *See* Order to Show Cause (ECF No. 69).  Plaintiff responded that, in essence, the failure to perfect service was due to anticipated settlement.  *See* Response to Order to Show Cause (ECF No. 74).

On September 21, 2016, Defendants expressly consented to receive service through their United States counsel for purposes of this litigation and, one year after the filing of the Second Amended Complaint, Plaintiff yet again failed to effectuate proper service.  *See* Defendants' Motion to Withdraw or Modify Order (ECF No. 73); *see also* Certificate of Service filed October

---

[4]  On August 18, 2016, the Court granted Plaintiff's Motion for Alternative Service of Process. *See* ECF No. 68.  The Court subsequently entered an Order striking its prior Order on Motion for Service by Publication upon Defendants' express consent to receive service through their United States counsel for purposes of this litigation.  *See* Orders dated October 12, 2016 (ECF Nos. 82, 83).

19, 2016 (ECF No. 87).  Following the Court's Order to Show Cause, a process server delivered to defense counsel's New York office a stack of papers containing:  (i) a copy of the First Amended Complaint; (ii) a copy of the Second Amended Complaint; (iii) a copy of the August 18 Order; and (iv) a copy of a draft summons addressed to Alibaba Group Holding Ltd.  This draft summons was undated and unsigned.  Yet another month transpired and the Court directed Plaintiff to file a Certificate of Service of the Second Amended Complaint in accordance with the Local Rules of the United States District Court for the Southern District of Florida.  *See* Order dated October 17, 2016 (ECF No. 85).

On November 7, 2016, Defendants filed the instant motion and moved to dismiss arguing that Defendants had still not been served with process and that the Court lacks personal jurisdiction.  It was not until November 21, 2016, that Plaintiff filed the summonses with the Court.  *See* Summons (ECF No. 93).

More than a year transpired after the filing of the Second Amended Complaint before Plaintiff perfected service.[5]  The arduous recitation of Plaintiff's missteps and excuses, as well as the Court's liberal grant of opportunities to perfect service, make it abundantly clear that Plaintiff "failed to exercise diligence."  *See Harris*, 636 Fed. App'x at 486.  Applying a standard of "flexible due diligence", the Court finds that dismissal is warranted under these circumstances.

B.  Jurisdiction

The Alibaba Defendants—except for Alibaba.com Hong Kong Ltd.[6]—also move to dismiss the action under Rule 12(b)(2) for lack of personal jurisdiction.  Plaintiff argues that this

---

[5]  To be precise, 398 days elapsed before Plaintiff served the Defendants.
[6]  Alibaba.com Hong Kong Ltd. does not challenge personal jurisdiction but joins the motion to dismiss for failure to serve.

Court does indeed have personal jurisdiction, both general and specific, over the Alibaba Defendants, under Florida's long-arm statute.

Because federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons, *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014), a federal court sitting in Florida must conduct a two-step inquiry to determine whether it has personal jurisdiction over a non-resident defendant.  The court must determine "(1) whether personal jurisdiction exists over the nonresident defendant . . . under Florida's long-arm statute, and (2) if so, whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution."  *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).

If the requirements of the long-arm statute are satisfied, then the court must determine whether the defendant has established sufficient "minimum contacts" with the State of Florida, such that the exercise of jurisdiction over the defendant would not offend "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

The plaintiff bears the initial burden of pleading sufficient material facts to make out a prima facie case of jurisdiction.  *See Future Tech. Today, Inc., v. OSF Healthcare Systems*, 218 F.3d 1247, 1249 (11th Cir. 2000).  If the plaintiff meets his or her burden, the burden then shifts to the defendant to contradict the plaintiff's allegations by affidavits or other competent evidence.  *See Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214–15 (11th Cir. 1999).  To the extent the defendant's proffered evidence does not contradict the plaintiff's jurisdictional allegations, the allegations must be accepted as true.  *See id.* at 1215 (citation omitted).  But to the extent the defendant does contradict the plaintiff's allegations, the burden shifts back to the plaintiff, this

6

time requiring the plaintiff to prove—not merely allege—jurisdiction by affidavits, testimony, or other documents. *See id*. at 1214–15.

> 1. *The Alibaba Defendants Are Not Alter Egos of One Another.*

The Second Amended Complaint alleges that the Alibaba Defendants are all alter egos of one another and that they operate as a single unit, maintain common office spaces, and that the subsidiaries are financially dependent upon their parent, the Alibaba Group. *See* SAC ¶¶ 61–64. However, the Court has already addressed Plaintiff's alter ego theory. *See* March 15, 2016 Order. For the reasons set forth in the March 15, 2016 Order, the Court declines finding that the Alibaba Defendants are alter egos of one another. *See id.* at 12–13 ("At most, Plaintiff's alter ego theory amounts to a claim that the various Alibaba entities are related to each other and act together in certain respects—which is not enough to justify personal jurisdiction. *See, e.g., Mother Doe I v. Maktoum*, 632 F. Supp. 2d 1130, 1142 (S.D. Fla. 2007)").

> 2. *The Court Does Not Have General Jurisdiction Over the Non-Operating Entities.*

"General personal jurisdiction arises from a party's contacts with the forum state that are unrelated to the litigation." *See Madara v. Hall*, 916 F.2d 1510 (11th Cir. 1990), n.7. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations," without offending due process "when their affiliations with the State are 'so continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317). General jurisdiction over a foreign corporation will not lie "unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015).

Here, Plaintiff alleges that personal jurisdiction is proper over all Defendants. *See, e.g.*, SAC ¶¶ 46, 48.  Plaintiff does not however allege that the individual Non-Operating Entities are engaged in substantial activity within Florida.  Plaintiff instead argues more broadly that that Alibaba Defendants "are a part of an ecosystem" and relies upon an alter ego theory to support a finding of jurisdiction.  All of the Non-Operating Entities are incorporated outside of the United States, have a principal place of business outside of the United States, do not have any offices or employees within the United States and are not registered to conduct business or direct their business into Florida.  Thus, the Court finds that it lacks general jurisdiction over the Non-Operating Entities.  *See, e.g.*, *Hard Candy, LLC v. Hard Candy Fitness, LLC*, Case No. 13-23705-CIV, 2015 WL 3377906, at *18 (S.D. Fla. May 13, 2015) (finding that Florida's long-arm statute did not extend jurisdiction over non-resident defendants who were not incorporated in Florida, whose principal place of business was not in Florida, and who did not have continuous and systematic contacts with Florida).

### 3.  *The Court Lacks Specific Jurisdiction Over the Non-Operating Entities.*

To determine whether specific jurisdiction exists over a defendant the court must determine whether the requirements of Florida's long-arm statute are satisfied and, if so, whether the requirements of due process are satisfied.  *See Madara*, 916 F.2d at 1514.  The specific jurisdiction provision of Florida's long-arm statute provides, in relevant part, that a non-resident defendant "submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from" one of several enumerated activities.  Fla. Stat. § 48.193(1)(a).

"Even though a statute may permit a state to assert jurisdiction over a nonresident defendant, the due process clause of the United States Constitution protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has

established no meaningful 'contacts, ties, or relations.'" *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008). The second step of the jurisdictional inquiry, the Due Process inquiry, requires that the Court examine "whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319). Due process requires that the defendant have "fair warning" that his actions might subject him to the jurisdiction of a foreign sovereign. *See Burger King Corp. v. Rudzeqicz*, 471 U.S. 462, 472 (1985). "This fair warning requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Licciardello*, 544 F.3d at 1284.

Plaintiff alleges that personal jurisdiction over the non-resident Defendants is proper because they are committing tortious acts within Florida, they have caused injury to the Plaintiff by their actions, and are either engaged in solicitation within Florida or have engaged in substantial activity within Florida. *See* SAC ¶ 48. Further, Plaintiff alleges that the Alibaba Defendants

> knowingly operate a marketplace for Counterfeit Products with the knowledge and intent that such Counterfeit Products (i) will ultimately be offered to consumers in Florida and throughout the United States; (ii) infringe the rights of intellectual property owners in Florida and throughout the United States, including but not limited to the Plaintiff; (iii) cause substantial consumer confusion among consumers in Florida and throughout the United States; and (iv) cause the harm alleged herein that results from sales of Counterfeit Products in Florida and throughout the United States, including but not limited to the harm caused to the Plaintiff, which has their principal place of business and substantial operations in Florida.

9

*Id.* ¶ 65.

The Alibaba Defendants do not dispute that operation of a website through which sales are made into Florida may establish minimum contacts. However, the Non-Operating Entities do *not* operate such websites nor does the Second Amended Complaint allege as such. In response to this point, Plaintiff merely states "[a]ll Defendants help facilitate every transaction on their website" and reiterates that "[t]he Defendants are part of an ecosystem that allows counterfeit products to be sold here in the United States of America" and in Florida. *See* Response at 8. Plaintiff does not provide the Court with any facts or arguments whatsoever that indicate that the Non-Operating Entities have submitted themselves to jurisdiction in Florida.

Tellingly, Plaintiff's opposition does not distinguish between the various Defendants in addressing personal jurisdiction. *See, e.g.,* Response at 13 ("Here, the Defendants through their internet platform and website Alibaba.com. . ."); *see also id.* at 14 ("The Defendants are an international company that performs millions of transactions annually. . ."); *see also id.*at 16 ("All of the Alibaba Defendants participate in this 'ecosystem' and are properly subject to jurisdiction for the purposeful sale of counterfeits into Florida.").

The Court finds that even if Florida's long-arm statute permitted the exercise of jurisdiction over the Non-Operating Entities, Plaintiff has not alleged sufficient minimum contacts with Florida and the exercise of jurisdiction over them would violate the Due Process Clause.

### 4.  *The Court Lacks Personal Jurisdiction Over Taobao China Holding Ltd.*

Taobao China Holding Ltd. is the operator of the Chinese language website Taboao.com. *See* SAC ¶¶ 26, 51. It is organized and exists under the laws of Hong Kong and is the direct-wholly owned subsidiary of Taobao Holding. *Id.* ¶ 26. Taobao China Holding Ltd. is one of the

Alibaba Defendants (*see* SAC ¶ 27), however, it operates Taobao.com and is therefore an "Operating Entity."

As Plaintiff fails to sufficiently allege general and personal jurisdiction over the Non-Operating Entities, it also fails to do so with respect to Taobao China Holding Ltd.  Plaintiff alleges no facts to suggest that Taobao China Holding Ltd. is engaged in substantial activity within Florida in support of the assertion of general jurisdiction.  Fla. Stat. Ann. § 48.193(2).  It is a company organized and based in Hong Kong with no employees or offices in the United States and it is not registered to conduct business in the United States.

Specific personal jurisdiction is not supported because, although Taobao China Holding Ltd. operates a website through which allegedly counterfeit goods are sold, Plaintiff has not alleged that that website was used in connection with any sales of products into Florida.  Indeed, the Second Amended Complaint indicates that there are barriers to accessing the website.  The Second Amended Complaint alleges that, as of July 17, 2015, there were at least seventeen advertisements for counterfeit products on Taobao.com, however, sample purchases could not be made without entering Chinese passport information and a bank account number from a Chinese bank.  *See* SAC ¶ 285.  Plaintiff also states that "[u]pon information and belief, none of the Chinese Banks . . . have Florida Branches."  *Id.*

To establish specific jurisdiction under § 48.193(1)(a), a nonresident defendant's actions "must . . . show a general course of business activity in the State for pecuniary benefit." *Fraser v. Smith,* 594 F.3d 842, 848 (11th Cir. 2010).  Plaintiff's allegations that it was *unable* to make a purchase from the website operated by Taobao China Holding Ltd., a foreign corporation without any offices or employees in the United States, hardly demonstrate a "general course of

business activity" in Florida.  Accordingly, the Court is without jurisdiction over Taobao China Holding Ltd.

> 5.  *The Federal Long-Arm Statute Does Not Confer Personal Jurisdiction Over the Non-Operating Entities or Taobao China Holding Ltd.*

Rule 4(k) of the Federal Rules of Civil Procedure "permits a court to aggregate a foreign defendant's nationwide contacts to allow for service of process provided that two conditions are met:  (1) plaintiff's claims must 'arise under federal law;' and (2) the exercise of jurisdiction must be 'consistent with the Constitution and laws of the United States.'"  *Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) (quoting Fed. R. Civ. P.  4(k)(2)).   Jurisdiction "consistent with the Constitution and laws of the United States," meaning that it comports with due process, requires that a non-resident defendant have certain minimum contacts.  *Id.* (internal quotation omitted).   In order to assert general personal jurisdiction, the requirements are stringent and require a showing of continuous and systematic general business contacts with the forum state.  *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 786 F.2d 1055, 1057 (11th Cir. 1996).  Exercise of specific jurisdiction arises from a defendant's activities in the forum which are related to the cause of action alleged in the complaint.  *Madara*, 916 F.2d at 1516, n. 7 (11th Cir. 1990) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8, 9 (1984)).   "It has long been recognized that a court has the minimum contacts to support specific jurisdiction only where the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  *Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d at 1291 (citing *Hanson v. Denckla*, 351 U.S. 235, 253 (1958)).

Here, Plaintiff has not alleged sufficient facts to support a finding that the Non-Operating Entities or Taobao China Holding Ltd. are subject to either general or specific jurisdiction under

the Federal long-arm statute.   As discussed above, the Non-Operating Entities and Taobao China Holding Ltd. have not had continuous and systematic business contacts with Florida. Additionally, Plaintiff does not allege sufficient facts to demonstrate minimum contacts with Florida warranting specific jurisdiction.

6.   *Jurisdictional Discovery is Not Warranted.*

In the Response, Plaintiff requests an opportunity to engage in "thorough jurisdictional discovery" and argues that "[d]iscovery will elaborate on the exact nature of the Defendants and how each individual entity provides essential support to the Merchant Defendants, which allow counterfeit products to end up in stores and in consumers' hands in Florida." *See* Response at 9.

"[A] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *Mother Doe I*, 632 F. Supp. 2d at 1145 (internal citations and quotations omitted).   The Court looks to the timing and nature of the jurisdictional discovery request. *Id.* at 1146.

In *Mother Doe I*, the Court was faced with similar facts.   There, Defendants moved to dismiss the complaint arguing, among other things, that the Court lacked personal jurisdiction over the defendants and that the requirements of Florida's long-arm statute were not satisfied. *Id.* at 1143–4.   Plaintiffs did not request permission to take limited jurisdictional discovery. *Id.* at 1144.   Much of the information regarding the defendants' contacts came from publicly-available sources. *Id.* at 1146.   Instead, in a footnote to their opposition to the defendants' motion to dismiss, the plaintiffs stated that they should be permitted to take jurisdictional discovery if the Court finds that they have not sufficiently demonstrated the existence of jurisdiction. *Id.* at 1146.   Additionally, the Court went on to state,

13

whether the Court should postpone its decision concerning personal jurisdiction to allow Plaintiffs an opportunity, almost a year after the suit was filed and after all arguments have been presented in writing and orally, and in the absence of a formal motion or other showing as to the scope of any proposed jurisdictional discovery request and on the factual showing made by Plaintiffs, to engage in such discovery.  The answer is 'No.'

*Id.*

Here, more than a year has transpired since the filing of the Second Amended Complaint.

Plaintiff has not formally moved for jurisdictional discovery but embedded this "request" in its

opposition to Defendants' motion to dismiss.  The request for jurisdictional discovery also fails

to specify how additional discovery would assist.  As the Court held in *Mother Doe I*, the Court

similarly finds that jurisdictional discovery is not justified by the circumstances.

III.    CONCLUSION

For the foregoing reasons, it is ordered and adjudged that the Alibaba Defendants'

Motion to Dismiss the Second Amended Complaint (ECF No. 88) is hereby GRANTED.

The Clerk of the Court is instructed to CLOSE this case.  All other pending motions are DENIED

AS MOOT.

Done and ordered in Chambers at Miami, Florida, this  25th  day of April, 2017.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:      Counsel of record

14